[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On May 2, 2001 this Court presided over a trial in the matter of In reMiquel Enrique A. Although properly notified of the court date, neither mother nor father was present in court for these proceedings.
The testimony and exhibits introduced at this hearing provided the following procedural history. On August 1999 Miquel Enrique A was born in St. Mary's Hospital in Waterbury, Connecticut. Because his mother had ingested cocaine shortly before labor, the child experienced drug withdrawal symptoms. On August 6, 1999 the Superior Court for Juvenile Matters entered an order of temporary custody. The order was confirmed and the child was placed in a foster home on September 16, 1999. He has remained in the same foster home since that date.
Both children were committed to the care and custody of the Department of Children and Families (the Department). After commitment extensions, a petition for Termination of Parental Rights was filed on August 9, 2000. The bases for the termination are abandonment, failure to rehabilitate and lack of on going parent — child relationship.
The State introduced the following exhibit:
Exhibit A: Social Study in Support of the Petition for Termination of Parental Rights dated January 10, 2001.
Based on the testimony and documentary evidence presented, this Court makes the following findings:
 A: There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both mother, Alicia F, and father, Miquel Enrique A.
The Department was dingent in its attempt to locate these parents. Unfortunately, these efforts were unsuccessful.
 B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify the child with his parents.
In the present case, the Department made reasonable efforts. However, because the parents have abandoned their child and have not made CT Page 6174 themselves available to the court, the Department of Children and Families or their counsel, the efforts were not successful.
 C. There is clear and convincing evidence that for at least one year the following has existed:
 (1) The child has been abandoned. Both parents have failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) The parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time they could assume a responsible position in their child's life; and
 (3) The actions of the parents were such that there is no parent — child relationship at the present time.
 D. Termination is in the best interests of the child by clear and convincing evidence.
 In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parents.
The Department of Children and Families was immediately available for this Family, offering services in a variety of areas. Both parents made no effort to utilize these services.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither parent has ever contacted either the court or the Department of Children and Families. Neither sought visitation with their child; neither inquired about the welfare of the child. In summary, they have ceased to acknowledge their child's existence. Furthermore, they failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the child with respect to his parents and any person who exercised physicalCT Page 6175 care, custody and control of the child for at least one year with whom the child has developed significant emotional ties.
The child was a newborn infant when he entered his present foster care placement. Since this arrangement there has never had any contact with either biological parent.
Neither parent has ever contacted the Department of Children and Families to inquire about the welfare of this child. Neither has provided financial support. Neither has offered resources to the child. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
The child has a strong, loving relationship with their current foster parents and the siblings in that household. The child turns to these foster parents for comfort and reassurance.
4. Age of the Child
Miquel is nearly two years old.
 5. Parents efforts to adjust their circumstances to make it in the best interests of the child to return them home in the foreseeable future, including the extent of parental contact or communication with the child's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of this child. Neither ever contacted the foster family.
 6. Extent to which the parent has been prevented from maintaining a meaningful relationship with the child by unreasonable acts of the child, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the child. They merely chose not to exercise this right.
 7. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite this family. Unfortunately at the present time, CT Page 6176 termination of parental rights is in the best interests of the child.
The statutory parent for Miquel Enrique A shall be the Commissioner of the Department of Children and Families. A case plan must be filed on or about June 2, 2001.
 __________________________ Julia DiCocco Dewey, Judge May 3, 2001